# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VERIFONE, INC., a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> A CAB, LLC, a Nevada limited liability ) <br> corporation, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:15-cv-00157-GMN-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion to Seal Exhibit 2 to Motion to Dismiss Amended Counterclaim (#18), filed on April 16, 2015. Defendant filed a Response (#21) on May 11, 2015. Plaintiff filed its Reply (#24) on May 22, 2015.

The Plaintiff requests that Exhibit 2 to the Motion to Dismiss (#16) be sealed in order to prevent harm to the Plaintiff's future business. Exhibit 2 is the Dispatch Agreement, signed by both parties, that forms the basis for this case. Specifically, the Plaintiff notes that the Agreement contains "pricing, leasing, warranty, and other negotiated competitive business terms." (#18, p.2).

There is a general public right to inspect judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right leads to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985)). Compelling reasons to seal documents generally exists when "court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. A Court will protect "sources of business information that might harm a litigant's competitive standing." *Id*. Generally, trade secrets are protected under the *Kamakana* standard. 447 F.2d at 1179.

1    The Defendant accurately notes in its Response (#21) that some of the material that Plaintiff wishes to have sealed is already present in the Complaint (#1). Plaintiff specifically requested to seal "pricing, leasing, and warranty terms," as they were confidential. (#18, p. 3). The Plaintiff claims that "[p]ublic disclosure of that information would risk significant harm to Verifone's current business relationships and its ability to negotiate future similar contracts in a competitive marketplace." *Id*. In Plaintiff's Complaint, they included the following information about the contract:

> 10. Under the Dispatch Agreement, Verifone agreed to lease dispatch equipment, software, and services to A Cab, and to provide training, support, and warranty services for the equipment for ten years.
>
> 11. In exchange, under the Dispatch Agreement, A Cab agreed to grant Verifone the exclusive right to place dispatch systems in A Cab taxis, and to pay Verifone $65 per month per dispatch system with a minimum monthly payment of $4,500.
>
> 12. Additionally, under the Dispatch Agreement, the parties agreed that Verifone would directly and exclusively provide A Cab with electronic payment processing services, paying A Cab a $1.00 per transaction "swipe fee," after conclusion of the Services Agreement (under which Taxipass was then providing payment processing services), which was anticipated to be on December 17, 2014.
>
> 13. In August 2011, in connection with, and as an inducement to enter into the Dispatch Agreement, Verifone paid A Cab a one-time $80,000 signing bonus.

(#1), ¶¶ 10-13.

The Plaintiff further included information about the contract it its Motion to Dismiss Amended Counterclaim (#16), where it discussed in detail the clauses in the contract dealing with each party's obligations to the other and the clause forbidding consequential damages. The Plaintiff has publicly revealed much of the material in the Dispatch Agreement that they now seek to keep confidential, and has therefore waived confidentiality for those portions of the Dispatch Agreement. The provisions in the Agreement which have not yet been publicly revealed and contain confidential material may, however, be filed under seal.

. . .

. . .

. . .

The Court instructs the Plaintiff to file a copy of the Dispatch Agreement on the record, with the remaining confidential provisions redacted and with the provisions that are already publicly filed in the Complaint and the Motion to Dismiss unredacted. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Seal (#18) is **granted**. Exhibit 2 to the Motion to Seal will be filed under seal.

**IT IS FURTHER ORDERED** that a redacted copy of Exhibit 2 be filed on the record.

**DATED** this 2nd day of June, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge