UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERIFONE, INC., a Delaware corporation,<br><br>     Plaintiff,<br> vs.<br><br>A CAB, LLC, a Nevada limited liability company,<br><br>     Defendant.<br><br>A CAB, LLC, a Nevada limited liability company,<br><br>     Counterclaim Plaintiff,<br> vs.<br><br>VERIFONE, INC., a Delaware corporation,<br><br>     Counterclaim Defendant. | Case No.: 2:15-cv-00157-GMN-GWF<br><br>**ORDER** |

   Pending before the Court is a Motion to Dismiss Defendant's Amended Counterclaim (ECF No. 16) filed by Plaintiff VeriFone, Inc. ("VeriFone"). Defendant A Cab, LLC ("A Cab") filed a Response (ECF No. 22), and VeriFone filed a Reply (ECF No. 23).

**I.  BACKGROUND**

   A Cab alleges in its Counterclaim that it entered into a Dispatch Service Lease Agreement ("the Contract") with VeriFone on November 11, 2011, wherein VeriFone agreed to provide A Cab with a dispatch system and the parties agreed to limit the damages available to them. (Answer and Am. CounterCl. ¶¶ 11, 31, ECF No. 15; Dispatch System Lease Agreement, Ex. 2 to Mot. to Dismiss Am. Countercl. ¶ 11, ECF No. 17). A Cab claims the equipment and

software VeriFone provided in accordance with the Contract "failed to work as promised," and VeriFone was "unable or unwilling to resolve the issues." (Answer and Am. Countercl. ¶ 2, ECF No. 15).  A Cab claims that it communicated with VeriFone at various points to discuss why the dispatch system was down and the state of their Contract, which culminated in A Cab informing VeriFone that the Contract was "voided based upon nonperformance by VeriFone" in January of 2014. (*Id.* at ¶¶ 11–24).  VeriFone subsequently filed the present suit against A Cab (Compl., ECF No. 1), and A Cab filed a Counterclaim (ECF No. 7), which it later amended alleging VeriFone breached their contract and its implied covenant of good faith and fair dealing (Answer and Am. Countercl., ECF No. 15).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

A Cab alleges VeriFone breached their contract and its implied covenant because it failed to "perform and provide an operable dispatch system[.]" (Answer and Am. Countercl. ¶¶ 26–28, 33, 39, ECF No. 15). A Cab claims that its damages for such breach include "loss of revenue from loss of use of its cabs; loss of business without an operable dispatch system; loss of revenue from inability to process credit card payments; hours spent in lost manpower; additional manpower necessitated without the dispatch system; unnecessary mileage and fuel expenditures; and permanent damage with its customers in amounts to be proven at trial." (*Id.* at ¶ 25, ECF No. 15). VeriFone moves to dismiss A Cab's claim for consequential damages because it claims those damages are precluded by their Contract. (Mot. to Dismiss 8:15–20, ECF No. 16).

As a preliminary matter, the Court notes that state law controls both contract construction and breaches, and the parties may agree upon which state's laws to apply through a clause in the contract. *See In re Qintex Entm't, Inc.*, 950 F.2d 1492, 1494, 1497 (9th Cir. 1991). The Contract specifies that it will be "construed in accordance with the law of the State of Nevada[.]" (Dispatch System Lease Agreement, Ex. 2 to Mot. to Dismiss Am. Countercl. ¶ 13(d), ECF No. 17). Therefore, the Court will apply Nevada's state law.

A party may claim consequential damages if the damages were foreseeable. *See Barnes v. W.U. Tel. Co.*, 27 Nev. 438 (1904). In order to be foreseeable, the damages must arise naturally from the breach of the contract, and the damages must be the probable result of a breach reasonably supposed to be in the contemplation of both parties when they made the

contract. *Clark Cnty. Sch. Dist. v. Rolling Plains Const., Inc.*, 117 Nev. 101, 106 (2001) (citing *Hadley v. Baxendale*, 156 Eng. Rep. 145, 151 (1854)) (disapproved of on other grounds in *Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948 (2001)).  Under Nevada law, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." Nev. Rev. Stat. § 104.2719.  As a general rule, "when a contract is clear on its face, it will be construed from the written language and enforced as written." *Buzz Stew, LLC v. City of N. Las Vegas*, 131 Nev. Adv. Op. 1 (2015) (internal quotations and citations omitted).  A contract will only be considered unconscionable when the contract's clauses and circumstances "are so one-sided as to oppress or unfairly surprise an innocent party" at the time of its execution. *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 89 Nev. 414, 418 (1973).

      Here, the damages A Cab requests are consequential damages.  If VeriFone were to breach the Contract with A Cab and not provide an operable dispatch system, it would be a natural result and reasonable to suppose that both parties knew A Cab would lose revenue and incur additional costs (including lost revenue due to the inability to process credit cards payments, the lost revenue because of the lost use of cabs and VeriFone's dispatch system, and additional mileage and fuel expenditures) and need to use a replacement system (including additional manpower hours to act as the dispatch system).  Furthermore, knowing that A Cab is a taxi operator, VeriFone also had reason to know that if it provided dispatch equipment that did not operate correctly and interfered with customer service, A Cab could be blamed and could lose the goodwill and future business of its customers. (Dispatch System Lease Agreement, Ex. 2 to Mot. to Dismiss Am. Countercl. at 3, ECF No. 17) (showing both parties acknowledged A Cab as a taxi operator).  Thus, the Court finds that all of the damages requested are consequential damages.  Accordingly, the Court will now analyze the Contract to determine if the Contract allows for the recovery of consequential damages.

The Contract provides as follows:

> **Limitations of Liability**: Except for a breach of the obligations under Sections 8 and 10, neither party shall be liable to the other party or its officers, directors, employees, agents, and affiliates for any indirect, special, punitive, exemplary, incidental or consequential damages. The foregoing limitation of liability shall apply to any claim or cause of action under law or equity whatsoever, including contract, warranty, strict liability, or negligence, even if a party has been notified of the possibility of such damages or claim.

(Dispatch System Lease Agreement, Ex. 2 to Mot. to Dismiss Am. Countercl. ¶ 11, ECF No. 17) (emphasis in original). Because Sections 8 and 10 of the Contract are not at issue here, the Court finds that the Contract unambiguously states that A Cab may not seek consequential damages against VeriFone for any of the claims at issue here. Moreover, the limitation on liability was described in its own paragraph entitled "**Limitations of Liability**" and thus, cannot be said to unfairly surprise A Cab. Furthermore, the limitation on consequential damages applied equally to both parties and thus is not oppressively one-sided. Therefore, the Court finds that the clause is not unconscionable.

As a result, the Contract unambiguously bars A Cab from seeking consequential damages from VeriFone, and A Cab has not sought any other relief for its claims. Therefore, under 12(b)(6), A Cab has failed to "state a claim *upon which relief can be granted"* because it has not shown or identified any relief that it could be entitled to receive under the Contract. Fed. Rule Civ. P. 12(b)(6) (emphasis added). Accordingly, A Cab's claims for breach of contract and breach of implied covenant of good faith and fair dealing are dismissed.

**B. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines

that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that A Cab may be able to plead additional facts to support its claims against VeriFone. Accordingly, because the Court finds that A Cab may be able to plead additional facts to support its claims, the Court will grant A Cab leave to file a second amended counterclaim solely for this purpose. Plaintiffs shall file a second amended counterclaim within fourteen (14) days of the date of this Order if it can allege sufficient facts that plausibly establish that it is entitled to relief not barred by the Contract.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that VeriFone's Motion to Dismiss (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Counterclaim (ECF No. 15) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that A Cab shall file its second amended counterclaim by **November 6, 2015**. Failure to file a second amended counterclaim by this date shall result in the Court dismissing A Cab's Amended Counterclaim with prejudice.

**DATED** this __23rd_ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge