# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VERIFONE, INC., a Delaware corporation,

        Plaintiff,

vs.

A CAB, LLC, a Nevada limited liability company,

        Defendant.

A CAB, LLC, a Nevada limited liability company,

        Counterclaim Plaintiff,

vs.

VERIFONE, INC., a Delaware corporation,

        Counterclaim Defendant.

Case No.: 2:15-cv-00157-GMN-GWF

**ORDER**

Pending before the Court is a Motion to Dismiss Defendant A Cab, LLC's ("A Cab") Second Amended Counterclaim (ECF No. 35) filed by Plaintiff VeriFone, Inc. ("VeriFone"). A Cab filed a Response (ECF No. 37), and VeriFone filed a Reply (ECF No. 38).

**I.    BACKGROUND**

A Cab alleges in its Second Amended Counterclaim ("SAC") that it entered into the Verifone Transportation Services Agreement (the "Services Agreement") with VeriFone and Taxipass on December 18, 2007, wherein Taxipass agreed to install POS Terminals in A Cab's participating taxis, such participating taxis had access to the VeriFone Hosted Software through Taxipass' equipment, and A Cab granted Taxipass the exclusive right to process all electronic

payment transactions for its participating taxis. (SAC ¶¶ 5–8, ECF No. 30; Services Agreement, Ex. A to Mot. to Dismiss SAC §§ 1–2, ECF No. 35-1).  A Cab further alleges that Taxipass defaulted on its obligations to A Cab under the Services Agreement, VeriFone notified A Cab of Taxipass' default, and VeriFone assumed the operations and obligation of Taxipass. (SAC ¶¶ 12–14).  Upon assuming Taxipass' operations and obligation under the Services Agreement, A Cab alleges that VeriFone "failed to cure the swipe revenue which was owed to A Cab," which was approximately $117,000. (*Id.* ¶ 15).

A Cab further alleges that it entered into a Dispatch Service Lease Agreement (the "Dispatch Agreement") with VeriFone on November 11, 2011, wherein VeriFone agreed to provide A Cab with a dispatch system. (*Id.* ¶¶ 11, 31).  A Cab claims that "[p]ursuant to section 6 of the Dispatch Agreement, following the expiration of the Service Agreement, the parties agreed to negotiate in good faith to enter into an agreement pertaining to payment processing service." (*Id.* ¶ 16).  Moreover, A Cab alleges that "Verifone breached this clause by instead merely continuing the swipe revenue from the Service Agreement at $1 per swipe, rather than the industry standard of $2 per swipe." (*Id.* ¶ 17).

On October 23, 2015, the Court granted VeriFone's Motion to Dismiss A Cab's Amended Counterclaim, dismissing A Cab's Amended Counterclaim with prejudice. (Order 6:11–14, ECF No. 29).  The Court held that the Dispatch Agreement barred A Cab from seeking consequential damages from VeriFone. (*Id.* 5:15–17).  Because A Cab did not seek any other relief for its claims, the Court dismissed its claims against VeriFone with leave to amend. (*Id.* 5:17–21).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions

couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.   DISCUSSION

**A. Motion to Dismiss**

**1. Services Agreement**

A Cab alleges that VeriFone breached the Services Agreement by failing to pay monies owed to A Cab as a result of VeriFone's assumption of Taxipass' obligation under the Services Agreement. (SAC ¶ 24).  However, the Services Agreement contains the following forum selection clause:

> Any legal suit, action or proceeding arising out of or relating to this Agreement shall be commenced in a federal court in the Northern District of California or in state court in Santa Clara County, California, and each party hereto irrevocably submits to the

jurisdiction and venue of any such court in any such suit, action or proceeding.

(Services Agreement § 14).

VeriFone moves to dismiss A Cab's claims related to the Services Agreement because they "are improper in this Court . . . [and] can be litigated in only California." (Mot. Dismiss 7:9–14). Rather than rely upon 28 U.S.C. § 1404(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure, VeriFone bases its motion on Rule 12(b)(6). (*Id.* 1:22–23). The Supreme Court has not foreclosed this avenue. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013). It appears no controlling precedent precludes 12(b)(6) dismissal based on a contrary forum selection clause. *See JPMorgan Chase Bank, N.A. v. Trade Show Fabrications W., Inc.*, No. 2:12–CV–00554–GMN, 2014 WL 347476, at *2–3 (D. Nev. Jan. 29, 2014) (finding no controlling precedent and declining to resolve the question). District courts after *Atlantic Marine* have split as to whether Rule 12(b)(6) is an appropriate vehicle. *See, e.g.*, *Hudson Fin. Corp. v. Autoliv ASP, Inc.*, No. 1:12CV2808, 2014 WL 132437, at *2 n.1 (N.D. Ohio Jan. 14, 2014) (noting a split in authority but holding that § 1404(a) is the only appropriate vehicle for enforcement of a forum selection clause); *Carter's of New Bedford, Inc. v. Nike, Inc.*, No. CIV.A. 13–11513–DPW, 2014 WL 1311750, at *2 n.5 (D. Mass. Mar. 31, 2014) (citing First Circuit precedent allowing dismissal under Rule 12(b)(6) based on a contrary forum selection clause and considering such a motion). The Court accepts VeriFone's characterization of its motion as brought under Rule 12(b)(6).

Opposing the validity of the Services Agreement's forum selection clause, A Cab argues that the Services Agreement was modified in 2009. (Response 2:25–27). A Cab asserts that the 2009 modification of the Services Agreement does not have a forum selection clause limiting any action based upon the Services Agreement in California. (*Id.* 2:27–28). A Cab attaches the 2009 modification to its Response. (*See* Ex. A to Response, ECF No. 37-2). However, nowhere

in A Cab's SAC does A Cab plead facts on which the Court could infer that the Services Agreement was modified in 2009.  Rather, the allegations in the SAC merely relate to the Services Agreement that was entered into by the parties on December 18, 2007. (SAC ¶ 5). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Thus, the Court will not consider the 2009 modification as it goes beyond the pleadings and is inappropriate in a response to a Rule 12(b)(6) motion.  Accordingly, the Court dismisses A Cab's counterclaims based upon the Services Agreement and will give A Cab leave to amend its SAC to include facts related to the 2009 modification of the Services Agreement.

### 2. Dispatch Agreement

A Cab alleges that VeriFone breached Section 6 of the Dispatch Agreement. (SAC ¶¶ 24–28).  A claim for breach of contract must allege (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

Section 6 of the Dispatch Agreement provides that "VeriFone and [A Cab] shall negotiate in good faith to enter into an agreement covering the subject matter thereof.  So long as it is allowed under applicable law, such agreement will incorporate a payment voucher model pursuant to which VeriFone will pay to [A Cab] at least $1 per transaction fee as long as voucher fee is at least $3." (ECF No. 17).  Specifically, A Cab alleges that "VeriFone failed to comply with Section 6 requiring negotiation of an agreement upon the expiration of the Service Agreement, and instead has to date paid A Cab $1 per swipe rather than the $2 per swipe

industry standard," which has resulted in "the loss of swipe revenue which continues to be incurred." (SAC ¶¶ 26–27).  Accordingly, the Court finds that A Cab has sufficiently pled a breach of contract counterclaim based on the Dispatch Agreement.

Furthermore, A Cab alleges that VeriFone breached the implied covenant of good faith and fair dealing. (SAC ¶¶ 33–34).  Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Crow v. Home Loan Ctr.*, No. 3:11–cv–00259–LRH–VPC, 2011 WL 2214118, at * 2 (D. Nev. 2011).

Specifically, A Cab alleges that "VeriFone breached its implied duty by failing to install a dispatch system that performed as promised," which "A Cab has been damaged in an amount of at least $117,000, the monies owed pursuant to VeriFone's assumption of Taxipass' obligations" and "A Cab has been damaged by the loss of swipe revenue which continues to be incurred." (SAC ¶¶ 33–34).  Accordingly, the Court finds that A Cab sufficiently pleads a breach of the implied covenant of good faith and fair dealing counterclaim based on the Dispatch Agreement.

**B. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines

that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that A Cab may be able to plead additional facts to support its counterclaims against VeriFone based on the Services Agreement. Accordingly, because the Court finds that A Cab may be able to plead additional facts to support its dismissed counterclaims, the Court will grant A Cab leave to file a third amended counterclaim solely for this purpose. Plaintiffs shall file a third amended counterclaim within **fourteen (14) days** of the date of this Order if it can allege sufficient facts that plausibly establishes its dismissed counterclaims based on the Services Agreement.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that VeriFone's Motion to Dismiss (ECF No. 35) is **GRANTED in part** and **DENIED in part**. Accordingly, A Cab's counterclaims based on the Services Agreement are dismissed without prejudice.

**IT IS FURTHER ORDERED** that A Cab shall file its third amended counterclaim within **fourteen (14) days** of the date of this Order. Failure to file a third amended counterclaim by this date shall result in the Court dismissing A Cab's counterclaims based on the Services Agreement with prejudice.

**DATED** this __24__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge