**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| VERIFONE, INC., a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-00157-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| A CAB, LLC, a Nevada limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| A CAB, LLC, a Nevada limited liability | ) | |
| company, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| VERIFONE, INC., a Delaware corporation, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 55), filed by Plaintiff VeriFone, Inc. ("VeriFone"). Defendant A Cab, LLC ("A Cab") filed a Response, (ECF No. 60), and VeriFone filed a Reply, (ECF No. 61). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** VeriFone's Motion.

## I.     BACKGROUND

This case arises from A Cab's alleged breach of agreements concerning taxi point-of-sale terminals ("POS Terminals"). Specifically, on December 18, 2007, VeriFone alleges that the parties entered into a VeriFone Transportation Services Agreement (the "Services Agreement") between A Cab, VeriFone affiliate VeriFone Transportation Services ("VTS"),

and Taxipass, LLC ("Taxipass"). (Am. Compl. ¶ 5, ECF No. 53); (*see also* Third Am. Counterclaim ("TAC") ¶ 5, ECF No. 54).

Under the Services Agreement, VTS leased POS Terminals to Taxipass, who then leased them to A Cab, and Taxipass had the exclusive right to process all electronic payment transactions for A Cab's taxis. (Am. Compl. ¶¶ 5–8); (*see also* TAC ¶ 6). The Services Agreement also stated that should Taxipass default, VeriFone would take over the exclusive payment processing services. (Am. Compl. ¶ 9). In addition, A Cab asserts that the Services Agreement "was subsequently modified and agreed upon between the same 3 parties . . . in 2009, and continued to be referred to as the 'Services Agreement'" ("2009 Agreement"). (TAC ¶ 9).

On November 21, 2011, A Cab and VeriFone entered into a two-party Dispatch System Lease Agreement (the "Dispatch Agreement"). (Am. Compl. ¶ 10). Under the Dispatch Agreement, VeriFone agreed to provide A Cab with dispatch systems for use in taxis operated by A Cab for ten years. (*Id.* ¶ 11). In exchange for the system, A Cab agreed to grant VeriFone the exclusive right to place dispatch systems in A Cab taxis and to pay VeriFone monthly for use of the dispatch systems." (*Id.* ¶ 12).

A Cab alleges that the equipment was installed in May and June of 2012 and that "[t]he equipment and software failed to work as promised." (TAC ¶ 17). On December 10, 2012, A Cab asserts that it notified VeriFone that the project "was dead as VeriFone could not deliver on its promises and contractual obligations." (*Id.* ¶ 18). Moreover, in 2013, Taxipass defaulted on its obligations in the Services Agreement. (Am. Compl. ¶ 16). A Cab furthers that in January 2014, "VeriFone contacted A Cab regarding a new dispatch system" and "A Cab informed VeriFone the Dispatch Agreement was voided by Verifone's non-performance." (TAC ¶ 26).

Based on these allegations, VeriFone filed its Complaint, (ECF No. 1), on January 27, 2015, alleging breach of contract and breach of the implied covenant of good faith and fair dealing against A Cab. A Cab filed counterclaims against VeriFone alleging breach of contract because "[u]nder the [ ] Service Agreement and the modification known as the 2009 [ ] Agreement, VeriFone assumed the liabilities of Taxipass but has failed to pay the monies owed to A Cab." (TAC ¶ 31). Additionally, A Cab asserts that VeriFone breached the implied covenant of good faith and fair dealing "by failing to install a dispatch system that performed as promised." (*Id.* ¶ 40).

In the instant Motion, VeriFone seeks to dismiss A Cab's counterclaims because "A Cab's current counterclaims do not state a plausible claim that can survive under Rule 12(b)(6) and the law." (Mot. to Dismiss ("MTD") 2:16–17, ECF No. 55). Moreover, VeriFone asserts that "[b]ecause A Cab has had three chances to plead a valid counterclaim, the dismissal should be without leave to amend so that VeriFone's claims can proceed to resolution." (*Id.* 3:2–3).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "und

Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    DISCUSSION

### A.  Motion to Dismiss

In its Third Amended Counterclaim, A Cab alleges breach of contract and breach of the implied covenant of good faith and fair dealing. (TAC ¶¶ 28–43).  Under the breach of contract

cause of action, A Cab asserts that VeriFone breached the 2009 Agreement because VeriFone "assumed the liabilities of Taxipass but has failed to pay the monies owed to A Cab." (*Id.* ¶ 31). Additionally, A Cab alleges that VeriFone breached Section 6 of the Dispatch Agreement because it failed to negotiate an agreement upon the expiration of the Services Agreement. (*Id.* ¶ 33). Moreover, A Cab asserts that VeriFone breached the implied covenant of good faith and fair dealing "by failing to install a dispatch system that performed as promised." (*Id.* ¶ 40). The Court will address each allegation in turn.

### a. Breach of the 2009 Agreement

A Cab alleges that under the 2009 Agreement, VeriFone breached the Services Agreement by failing to pay monies owed to A Cab as a result of VeriFone's assumption of Taxipass's obligation. (TAC ¶ 31). VeriFone argues that the Court should dismiss this claim under the 2009 Agreement because "enforcement of this unsigned agreement is barred by Nevada's statute of frauds." (MTD 4:21–23).

Under Nevada's statute of frauds, certain types of agreement are void unless they are in writing and "subscribed by the person charged therewith." Nev. Rev. Stat. ("NRS") § 111.220. Specifically, an agreement "that, by the terms, is not to be performed within 1 year from the making thereof" must be in writing and signed or it is void due to the statute of frauds. NRS § 111.220(1).

In the 2009 Agreement, Section 4 states that the "term of this agreement shall be for three (3) years after the sooner of 90 days or complete installation of all of the Equipment [ ]." (Ex. A to MTD at 5, ECF No. 55-1). Because the 2009 Agreement's terms require performance for three years, NRS § 111.220 applies.

A Cab admits in its TAC that "A Cab is not in possession of a signed copy of the 2009 [ ] Agreement, but asserts this is the Services Agreement under which the parties were operating." (TAC ¶ 10). Because A Cab does not provide a signed copy of the 2009

Agreement, however, the 2009 Agreement is barred by the statute of frauds. *See, e.g.*, *Am. Int'l Enters. v. F.D.I.C.*, 3 F.3d 1263, 1270 (9th Cir. 1993) (granting a motion to dismiss under Rule 12(b)(6) when the contract that was allegedly breached was void under the Statute of Frauds); *Phillips v. Dignified Transition Solutions*, No. 2:13-cv-2237, 2014 WL 4294972, at \*4 (D. Nev. Aug. 28, 2014). Although A Cab asserts in its Response that one of its employees has submitted sworn testimony that there is a signed copy of the 2009 Agreement, at the motion to dismiss stage, the Third Amended Counterclaim as pled is insufficient. *See, e.g.*, *Ashcroft*, 556 U.S. at 678. Accordingly, A Cab's claims based on the 2009 Agreement are dismissed.

### b. Breach of the Dispatch Agreement

A Cab alleges that VeriFone breached Section 6 of the Dispatch Agreement by failing to negotiate a subsequent agreement upon the expiration of the Services Agreement. (TAC ¶¶ 29–34). A claim for breach of contract must allege: (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.").

Section 6 of the Dispatch Agreement provides that:

> VeriFone and [A Cab] shall negotiate in good faith to enter into an agreement covering the subject matter thereof. So long as it is allowed under applicable law, such agreement will incorporate a payment voucher model pursuant to which VeriFone will pay to [A Cab] at least $1 per transaction fee as long as voucher fee is at least $3.

(TAC ¶ 14); (*see* ECF No. 17). A Cab alleges that pursuant to this Section, "VeriFone breached this clause by instead merely continuing the swipe revenue from the Service Agreement at $1 per swipe, rather than the industry standard of $2 per swipe, and locked A Cab

into this arrangement as part of the Dispatch Agreement." (TAC ¶ 24). In its Motion to Dismiss, VeriFone argues that A Cab's breach of contract allegations "are mere legal conclusions that do not survive scrutiny under the *Iqbal* and *Twombly* standard." (MTD 8:8–9). Moreover, VeriFone alleges that it paid A Cab a fee of $1 per swipe, "exactly what Section 6 of the Dispatch Agreement require [sic]." (MTD 8:2).

However, in Nevada, "an agreement to agree at a future time is nothing and will not support an action for damages." *City of Reno v. Silver State Flying Serv.*, 438 P.2d 257, 261 (1968); *see Kohlmoos Enterprises v. Pines, LLC*, No. 58911, 2013 WL 5476860, at *1 (Nev. Sept. 26, 2013) ("Nevada abides by traditional jurisprudence that agreements to agree are generally too indefinite to enforce as final agreements."). Because Section 6 is an agreement to agree, Section 6 is therefore unenforceable under Nevada law as "an action for damages." *Silver State Flying Serv.*, 438 P.2d at 261.

Moreover, A Cab pleads that "[i]n January 2014, VeriFone contacted A Cab regarding a new dispatch system." (TAC ¶ 26). Even if Section 6 was enforceable, A Cab has not sufficiently pled that VeriFone has breached it. Seemingly, A Cab's Section 6 breach of contract claim is motivated by A Cab not receiving its desired result from negotiations rather than the negotiations themselves. Accordingly, the Court dismisses with prejudice A Cab's breach of contract claim for Section 6 of the Dispatch Agreement.

### c. Breach of the Implied Covenant of Good Faith and Fair Dealing

A Cab alleges that VeriFone breached the implied covenant of good faith and fair dealing by "failing to install a dispatch system that performed as promised." (TAC ¶ 40). VeriFone's only argument against this claim states that "A Cab has not pleaded any facts that, when taken as true, state a valid claim for breach of contract of the implied covenant of good faith and fair dealing." (MTD 2:21–23).

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Crow v. Home Loan Ctr.*, No. 3:11–cv–00259–LRH–VPC, 2011 WL 2214118, at * 2 (D. Nev. 2011).

Here, VeriFone and A Cab were parties to the Services Agreement and the Dispatch Agreement. (*See* Ex. B to MTD, ECF No. 55-2); (*see also* Dispatch Agreement, ECF No. 17). Because these agreements are governed by Nevada law, (*see* Order, ECF No. 29), VeriFone owed a duty of good faith and fair dealing to A Cab. In its TAC, A Cab alleges that "[t]he equipment and software failed to work as promised," and "A Cab notified VeriFone that the dispatch project was dead as VeriFone could not deliver on its promises and contractual obligations." (TAC ¶¶ 17, 25). A Cab therefore sufficiently pleads that VeriFone breached its duty and that A Cab's expectations were denied. Accordingly, the Court finds that A Cab sufficiently pleads its counterclaim for breach of the implied covenant of good faith and fair dealing.

## B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,*

203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

Although A Cab has had *three* opportunities to include the relevant facts in its pleadings—including the existence of a signed 2009 Agreement—and has failed to do so, the Court is willing to grant leave to amend to A Cab only in the very narrow circumstance of allowing A Cab a final opportunity to sufficiently plead the existence of a signed version of the 2009 Agreement. If A Cab fails to meet this requirement, the Court will dismiss A Cab's 2009 Agreement counterclaim with prejudice.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that VeriFone's Motion to Dismiss, (ECF No. 55), is **GRANTED in part** and **DENIED in part**. Specifically, the Court **DISMISSES with prejudice** A Cab's claims for breach of contract concerning both the 2009 Agreement and Section 6 of the Dispatch Agreement. A Cab's breach of the implied covenant of good faith and fair dealing claim survives.

**IT IS FURTHER ORDERED** that A Cab shall file its fourth amended counterclaim within **fourteen (14) days** of the date of this Order. Failure to file a fourth amended counterclaim by this date shall result in the Court dismissing A Cab's 2009 Agreement counterclaim with prejudice.

**IT IS FURTHER ORDERED** that this case is referred to the Honorable Magistrate Judge George W. Foley, Jr., for settlement conference pursuant to Local Rule 16-5.


**DATED** this __10__ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge